**John F. AUSLER, Plaintiff-Appellant,**

v.

**James ROLLINS and Pamela Pruitt, Defendants–Appellees.**

No. 08–35649.

United States Court of Appeals,
Ninth Circuit.

Submitted July 19, 2010.*

Filed Aug. 2, 2010.

John F. Ausler, Monroe, WA, pro se.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Steven J. Nash, Assistant Attorney General, Washington State Attorney General's Office, Spokane, WA, for Defendants–Appellees.

Before: B. FLETCHER, REINHARDT, and WARDLAW, Circuit Judges.

MEMORANDUM **

John F. Ausler, a Washington state prisoner, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging denial of access to courts. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Oliver v. Keller,* 289 F.3d 623, 626 (9th Cir.2002), and we affirm.

The district court properly granted summary judgment on Ausler's denial of access to courts claim because Ausler failed to identify any actual injury he suffered as a result of the alleged delay by prison officials in providing him with the modified judgment and sentence. *See Lewis v. Casey,* 518 U.S. 343, 351–55, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (to show actual injury, a prisoner must demonstrate that he was thwarted in his pursuit of a non-frivolous claim concerning his conviction or conditions of confinement).

The district court did not abuse its discretion when it denied Ausler's motions for appointment of counsel because he failed to establish exceptional circumstances. *See Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir.1986).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Ausler's remaining contentions are not persuasive.

AFFIRMED.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

